**No. 47965.**—Protest 50928–K of Geo. S. Bush & Co., Inc. (Portland, Oreg.).

Opinion by WALKER, J. The only witness for the plaintiff was a broker in the granite business. He testified that all of the slabs in issue except one were what are known as grass markers and are used in cemeteries to mark the dimensions of a plot. It appeared that some of the slabs have one side rough sawn, but one slab had two sides sawn and was to be used for a monument. In giving the distinction between "dressed" and "rough sawn" the court was of the opinion that while it may well be that the witness was in error as to those terms, nevertheless the record as a whole indicated that the granite in question was "otherwise manufactured" within the meaning of that term as used in the act and trade agreement. In view of *United States* v. *Wilkinson Process Rubber Sales Corp.* (22 C. C. P. A. 60, T. D. 47051) and *United States* v. *General Dyestuff Corp.* (29 C. C. P. A. 53, C. A. D. 170) the court was of the opinion that it could not be said that they are "unmanufactured," for they are no longer the crude material, nor can it be said that they are completed grass markers, for the sawn face has yet to be polished and the sides trimmed to the exact dimensions required. It was held therefore that they fall squarely into the category of "granite suitable for use as monumental * * * stone, not specially provided for: * * * manufactured" under paragraph 234 (a). The protest was therefore overruled. Abstract 30009 distinguished.