**No. 50810.**—Protest 59116–K of J. T. Steeb & Co., Inc. (Seattle).

COLE, Judge: A shipment of merchandise from Gothenberg, Sweden, described on the invoice as "Rough marker blanks," was entered at the port of Tacoma, Wash., the importation consisting of "140 blocks of rough granite," of varying dimensions.

It is concededly classifiable under paragraph 234 (a), Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1001, par. 234 (a)), as modified by the trade agreement with Finland, 70 Treas. Dec. 369, T. D. 48554, the point at issue being the more specific provision in said paragraph; whether it is the one carrying the higher rate of duty, 30 percent ad valorem, adopted by the collector, or the other, applying the lower rate, 12½ cents per cubic foot, claimed by plaintiff. Said paragraph is set forth in the Finnish Trade Agreement, *supra*, as follows:

| Tariff Act of 1930; paragraph | Description of articles | Rate of duty |
|---|---|---|
| 234 (a) | Granite suitable for use as monumental, paving, or building stone, not specially provided for: | |
| | Hewn, dressed, pointed, pitched, lined, or polished, or otherwise manufactured (including paving blocks). | 30% ad val. |
| | Unmanufactured, or not dressed, pointed, pitched, lined, hewn, or polished. | 12½¢ per cubic foot. |
| | *Note:* The existing customs classification treatment of granite suitable for use as monumental, paving, or building stone, which has been roughly squared merely for the purpose of facilitating its shipment to the United States, as "unmanufactured, or not dressed, pointed, pitched, lined, hewn, or polished" in accordance with the ruling announced in T. D. 44791–4 (59 Treas. Dec. 850) shall be continued during the effective period of this agreement. | |

The record establishes that the granite in question is suitable for use as monumental stone, and that, at the time of importation, it was not hewn, dressed, pointed, pitched, lined, or polished. Hence, the only question before us is whether it has been "otherwise manufactured," as assessed by the collector.

The importer, with more than 50 years' experience handling granite, including quarrying the stone and manufacturing monuments, was the sole witness in the case. His testimony establishes that the imported pieces of granite are acquired by merely splitting them with hammer and chisel from large blocks obtained from the quarry, and that each piece is large enough to be finished to the dimensions set forth on the invoice, which are representative of the desired completed article. The only difference between the granite as naturally quarried and the imported blocks is size. The operations performed on each are the same. The witness' undisputed statements are sufficient to find that the granite in question is in a rough or unmanufactured condition, and has not been advanced beyond a crude or raw state.

The uncontradicted proof emphasizes that the statutory terms, "hewn," "dressed," "pointed," "pitched," "lined," and "polished," relate to operations that dedicate granite to a definite size, shape, and condition. All are processes associated directly with a definite advancement of material toward an ultimate article of commerce. The correlated series of specific statutory terms impart to their succeeding generic phrase, "or otherwise manufactured," a restriction, limiting the scope thereof to only such processes as are analogous with those specifically mentioned. Support for such a statutory construction is found in *Myers* v. *United States*, 1 Ct. Cust. Appls. 506, T. D. 31531, which involved the tariff classification of a product of corundum which had been crushed and ground to different degrees of fineness, and divided into grades somewhat uniform in size.

The issues included a judicial construction of the provision for "Minerals, crude, or not advanced in value or condition by refining or grinding, or by other process of manufacture, not specially provided for in this act," and in excluding the merchandise therefrom, the court said that "the words 'otherwise manufactured' should be read in connection with what precedes them in the same paragraph."

*Geo. S. Bush & Co., Inc.* v. *United States*, 10 Cust. Ct. 383, Abstract 47965, is distinguishable from the instant case. There, the merchandise consisted of unfinished cemetery markers, of which one side, at least, had been brought to its completed condition, thus being advanced, in some degree, as "manufactured" granite, within said amended paragraph 234 (a). Here, the articles are nothing but rough dimension blocks, suitable for monumental purposes, but not subjected to any process analogous with those specifically set forth in amended paragraph 234 (a), *supra*, and therefore subject to the lower rate claimed by plaintiff.

The protest is sustained and judgment will be rendered accordingly.